William WIGTON, William Weil and Joel Miller, Plaintiffs,

v.

Louis P. ROSENTHALL, Defendant.

No. 89 Civ. 0728 (RPP).

United States District Court, S.D. New York.

May 20, 1991.

Gellis & Melinger, New York City, by Jan Ira Gellis, for plaintiffs.

J. Edward Meyer, pro se.

Justin Driscoll of Biedermann, Hoenig, Massamillo & Ruff, pro se.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

The facts of this case are summarized in the Court's opinion and order of October 10, 1990 granting plaintiffs' motion for summary judgment on the amended complaint and dismissing defendant's counterclaims. Plaintiffs now move pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 for an award of attorneys' fees in the amount of $42,000 from defendant's former attorneys, J. Edward Meyer ("Meyer") and Justin Driscoll ("Driscoll"), formerly of law firm of Meyer & Driscoll.[1] For the reasons set forth below, plaintiffs' motion is denied.

Plaintiff alleges that Meyer and Driscoll failed to conduct an adequate pre-filing investigation prior to filing counterclaims in March 1989 alleging breach of contract and tortious interference and seeking approximately $20 million in compensatory damages and $20 million in punitive damages.[2] The counterclaims alleged that plaintiffs' filing of an action in Superior Court in Rhode Island prevented Rosenthall from closing on property located in Rhode Island, a proposed transaction forming the basis for the main action.

Meyer & Driscoll assert that they possessed the following information prior to filing the counterclaims: (1) the statements of their client Rosenthall, an attorney admitted to practice in New York, New Jersey and Rhode Island, that Rhode Island litigation prevented him from closing on the property; (2) the provisions in the June 7, 1988 mortgage commitment letter obtained by Rosenthall from Omni Bank of Connecticut, Inc. ("Omni Bank") requiring disclosure of any claims or litigation involving the property; (3) a March 22, 1989 letter from John Arnold, the mortgage broker who negotiated the commitment letter on behalf of Rosenthall, stating that "[t]he suit prevented closing," Meyer Aff., Exh E; (4) oral statements by Merrill Moone, Esq., a Rhode Island real estate attorney representing Rosenthall in connection with the closing, to the effect that the Rhode Island action would have frustrated the financing arrangements, Meyer Aff., ¶ 17; and (5) a May 6, 1988 appraisal of the property by Michael P. Lenihan of Lenihan Realty stating a value of $11.5 million which conformed to the requirements of the commitment letter. *Id.*, Exh. C.

Plaintiffs claim that a proper pre-filing investigation required Meyer & Driscoll to obtain an explanation of the reasons for Omni Bank's failure to honor the commitment letter directly from Omni Bank rather than relying on the reasons offered by secondary sources involved in the transaction. Plaintiffs argue that direct contact with Omni Bank would have revealed that the Rhode Island action was unrelated to the bank's refusal to honor the commitment letter and that the bank was not even aware of the Rhode Island action. Plaintiffs also cite Meyer & Driscoll's failure to withdraw the counterclaims after the November 30, 1989 deposition of Joseph Perotta, a loan officer at Omni Bank, in which Perotta stated unequivocally that it was the valuation of the property for only $4.7 million,[3] and not the existence of the Rhode Island action, which caused the Bank not to honor the commitment letter.

On a motion for sanctions under Rule 11, the issue is whether there was an objectively reasonable evidentiary basis for filing the counterclaims. *See Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d Cir.1988), *rev'd on other grounds*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). In general, "[w]hen the attorney can get the information neces-

---

1. On September 14, 1990 the Court granted Meyer & Driscoll's application to withdraw as Rosenthall's counsel. Rosenthall, an attorney, appeared pro se in connection with plaintiffs' motion for summary judgment.

2. The Court agrees with plaintiff that the ad damnum claims were unwarranted but plaintiffs' ad damnum requested $1.5 million in com-

pensatory damages and $2.25 million in punitive damages in an action essentially seeking the return of $100,000.

3. One of the conditions of financing under the mortgage commitment letter was that a current MAI appraisal of the property show a value no less than $4.7 million. Gellis Aff., Exh. D at ¶ 31.

sary to certify the validity of the claim in public fashion and need not rely on the client, he must do so." *Nassau–Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.,* 114 F.R.D. 684, 689 (S.D.N.Y.1987). Any and all doubts, however, must be resolved in favor of the party who signed the pleadings. *See Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). An attorney cannot be sanctioned for failure to withdraw a claim that later proves to be groundless provided the attorney made a reasonable pre-filing inquiry, did not subsequently restate the claim after learning it was groundless or did not refuse an express request by opposing counsel to withdraw it after learning it was groundless. *See Calloway,* 854 F.2d at 1472.

 In this case Meyer and Driscoll did not rely solely on Rosenthall's explanation for the events in issue. The attorneys had independent documentary and testimonial support for Rosenthall's claim from persons directly involved in the transaction. Rule 11 does not require that an attorney interview every possible witness prior to filing a claim, but rather, it requires that the attorney conclude that the claim is "well grounded in fact" after "reasonable inquiry." The pre-filing inquiry conducted by Meyer & Driscoll was not manifestly unreasonable. Meyer & Driscoll did not restate counterclaims they knew to be groundless because their answer to the amended complaint, reasserting the counterclaims, was filed prior to Perotta's November 1989 deposition at which the true reason for the failure of financing was revealed. Although plaintiffs' counsel states he questioned Driscoll about the counterclaims in connection with preparation of the pretrial order and that "no rationale for the counterclaims was provided," Gellis Aff. ¶ 35, there is no evidence that plaintiffs' counsel specifically requested Meyer and Driscoll to withdraw the counterclaims. Accordingly, plaintiffs' motion for Rule 11 sanctions is denied.

 Plaintiffs also seek an award under 28 U.S.C. § 1927 which provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In order to impose sanctions against an attorney under § 1927 there must be a "clear showing of bad faith." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987) (citations omitted). An award under § 1927 is proper when an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay. *Id.* Plaintiffs have made no credible showing, nor does the record reveal, any improper purpose on the part of Meyer & Driscoll. Accordingly, plaintiff's motion for fees under § 1927 is denied.

IT IS SO ORDERED.