**Jerry Michael CONN, Plaintiff–Appellee,**

v.

**CSO BORJORQUEZ, et al., Defendants,**

**and**

**Frank Terry, Major, employed at Arizona State Prison—Florence, Defendant–Appellant.**

**No. 90–15696.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 1992.[*]

Decided June 26, 1992.

---

[*] The panel unanimously found this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Lynne W. Abney, Deputy Atty. Gen., Phoenix, Ariz., for defendants-appellants.

Jerry Michael Conn, Florence, Ariz., in pro se.

Before BROWNING, PREGERSON, and RYMER, Circuit Judges.

PREGERSON, Circuit Judge:

Defense counsel, Lynn W. Abney, seeks to vacate the "Order and Reprimand" entered against her by the district court under Fed.R.Civ.P. 11. We hold that the district court abused its discretion by sanctioning Ms. Abney and vacate the district court's order.

### FACTS

This appeal arises out of a 42 U.S.C. § 1983 action brought by Arizona state prisoner Jerry Conn in the U.S. District Court for the District of Arizona. Conn alleged that prison official Frank Terry deprived him of his First Amendment rights by issuing a disciplinary order preventing him and others from purchasing writing materials or postage for a thirty day period. Lynn W. Abney, an Arizona State Assistant Attorney General, represented defendant Major Frank Terry.

Initially, the district court granted summary judgment for defendants, but we reversed and remanded finding a disputed issue of material fact on the issue of damages. Before the district court could proceed with trial, the Supreme Court decided *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In that case, the Court held that state officials acting in their official capacities are not persons subject to suit for monetary damages under § 1983. *Id.* at

70–71, 109 S.Ct. at 2311. Thereafter, Ms. Abney moved to dismiss the case based on absolute immunity.

On August 10, 1989, the district court denied the motion to dismiss on the ground that Major Terry was not a "state official" as the term is used in *Will*. Ms. Abney moved to set aside the order, arguing that the court erred in classifying Major Terry as an "employee" of the Department of Corrections rather than a "state official." On August 30, 1989, the district court denied the motion. It admitted that Major Terry was a state official but ruled that he had been sued in his individual capacity. Ms. Abney moved to set aside this new order. She argued that Major Terry had indeed been sued in his *official* capacity, pointing out that all of plaintiff's allegations in the complaint focused exclusively on Major Terry's official acts. She also pointed out that the complaint did not specifically allege that Major Terry was being sued in his individual capacity, a requirement for § 1983 complaints in other circuits.

On October 31, 1989, the district court denied the motion. It ruled that Major Terry had been sued in his individual capacity because the complaint alleged that Major Terry had "acted against Conn himself when he ordered that Conn not be allowed to purchase writing materials, not that the state prison has a policy or custom of denying writing materials to inmates who have been disciplined."

In a telephonic conference initiated by the district court to determine if counsel was prepared for trial, an informal discussion ensued about the court's latest order. Ms. Abney informed the court of the recent decision in *Rice v. Ohio Dept. of Transp.*, 887 F.2d 716 (6th Cir.1989), which discusses whether a suit is brought in an official or individual capacity. *Rice* holds that the capacity in which the individual defendants were in fact acting is what matters, not the capacity in which they were sued. *Id.* at

719.[1] In an order filed November 16, 1989, the district court partially summarized the results of the conference, explaining further its position. On January 30, 1990, Ms. Abney filed a final motion for reconsideration directed at the district court's determination that Major Terry acted in an individual capacity because he allegedly violated a prison regulation in issuing the disciplinary order.

On March 2, 1990, in response to this latest motion, the district court imposed an Order and Reprimand against Ms. Abney as a Rule 11 sanction and reported her to the Arizona State Bar.[2] The district court found that Ms. Abney had merely restated what "defendant has been contending all along." On March 16, 1990, Ms. Abney moved to set aside the Order and Reprimand. Her motion was denied. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 n. 5 (9th Cir.1987) ("An order imposing sanctions upon counsel, a non-party, is final and appealable by the person sanctioned upon imposition of the sanction."). We grant the relief sought and vacate the district court's Order and Reprimand.

## DISCUSSION

■ Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Operating Engineers Pension Trust v. A–C Company*, 859 F.2d 1336, 1344 (9th Cir. 1988). The district court concluded that Ms. Abney's January 30, 1990 motion for reconsideration was "frivolous" and "obviously filed with the intent to cause undue delay."

■ We review a district court's sanctions under Rule 11 for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359

---

**1.** The Supreme Court subsequently vacated *Rice*. *See Rice v. Ohio Dept. of Transp.*, —— U.S. ——, 110 S.Ct. 3232, 111 L.Ed.2d 744 (1990).

**2.** The Arizona State Bar has since concluded that Ms. Abney did not violate any ethical rule. Appellant's Brief at 10.

(1990). The standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose. *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1127 (9th Cir.1989). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then sanctions should not be imposed." *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir.1986).

■ We have reviewed each of Ms. Abney's motions, and the law cited in support thereof, and we find that there was an objectively reasonable basis for each. "The key question in assessing frivolousness is whether a complaint states an arguable claim—not whether the pleader is correct in his perception of the law." *Woodrum*, 866 F.2d at 1127 (citation omitted).

Each motion was based on a new issue. The legal distinctions drawn by Ms. Abney between "official" and "employee," between "official capacity" and "individual capacity" and between "sued" and "acted" may seem subtle. But these distinctions can have significant legal consequences.[3]

Ms. Abney owed a duty to her client to continue to press for reconsideration as long as the district court continued to change the basis of its ruling and as long as her arguments were soundly based in fact and in law. This she did. We see no basis upon which to conclude that her motion to reconsider was frivolous.

Further, there is nothing in the record to suggest that the January 30, 1990 motion was an attempt to cause undue delay. The motion was made more than a month before the trial date, and the district court gave no reason why it came to that conclusion.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust*, 859

F.2d at 1345. Such sanctions can have an unintended detrimental impact on an attorney's career and personal well-being. *See Brown v. Federation of State Medical Boards of the U.S.*, 830 F.2d 1429, 1437 (7th Cir.1987). We are convinced that Ms. Abney's attempts to persuade the district court that her client was absolutely immune from prosecution under 42 U.S.C. § 1983 were made in good faith and were entirely justified, as measured by an objective standard.

We can find nothing in the record to support the district court's Order and Reprimand. Accordingly, we hold that the district court abused its discretion by imposing Rule 11 sanctions. The district court's order of March 2, 1990 is VACATED.

---

**3.** We express no opinion on the merits of plaintiff's claim. We address case law solely for the purpose of determining the reasonableness of Ms. Abney's motions.