**WILLIAMS CORPORATION, on behalf of itself and all others similarly situated, Plaintiff,**

v.

**KAISER SAND & GRAVEL CO., INC. and Syar Industries, Inc., Defendants.**

No. C–91–4028 SAW.

United States District Court, N.D. California.

Dec. 8, 1992.

Joseph Bell, Wesley Overson, Furth, Fahrner & Mason, San Francisco, CA, for plaintiff.

Paul Haerle, Thelen, Marrin, Johnson & Bridges, Paul Kirsch, Khourie, Crew & Jaeger, San Francisco, CA, for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

*Summary of Decision*

Plaintiff sued Defendants, alleging conspiracy to fix prices and rig bids in violation of state and federal antitrust laws. The court granted Plaintiff's Motion for Class Certification on October 8, 1992. Defendants have moved for reconsideration of the October 8, 1992 Order, alleging that Plaintiff is an inadequate class representative. In the alternative, Defendants move for certification of the October 8, 1992 Order for interlocutory appeal. Plaintiff has requested sanctions.

This court denies Defendants' motions, finding that Plaintiff is an adequate representative and that Defendants have failed to prove exceptional circumstances required for the court to certify an order for interlocutory appeal. The court denies Plaintiff's request for sanctions on the grounds that Defendants' motion is not frivolous.

### I. Background

Plaintiff is a paving contractor based in Fresno and operating throughout California. Defendants are competitors in the sale of sand, gravel and asphalt products. In April, 1991 Plaintiff purchased asphaltic concrete from Defendant Syar.

Subsequent to the purchase, Plaintiff received a newspaper article discussing a wrongful termination suit filed by Rudy Gonsalves, a former employee of Defendant Kaiser. Gonsalves' verified complaint

alleged that he was terminated when he refused to participate in a scheme for rigging competitive bids on sand, gravel and asphalt products sold in Sonoma County. Based on the allegations in Gonsalves' Verified Complaint and on the belief that Defendants' prices had risen significantly since Gonsalves' termination and had remained at prices that were considerably higher than those in neighboring counties, Plaintiff filed its Complaint. Plaintiff alleges that Defendants engaged in a conspiracy to rig bids on competitively bid jobs, to increase prices and profits on the sale of sand, gravel and asphalt and products in Sonoma County and to fix, maintain, and stabilize those prices at artificially inflated and non-competitive levels. Plaintiff alleges that Defendants have created a trust or combination in restraint of trade in violation of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. § 1, 2, and in violation of California's Cartwright Act, Cal.Bus. and Prof.Code § 16720.

On October 8, 1992 the court granted Plaintiff's motion for class certification, certifying a class of purchasers allegedly overcharged for Defendants' products and designating Plaintiff as class representative. Defendants now move for reconsideration of the October 8, 1992 Order, alleging that this litigation is attorney-directed and that Plaintiff is an inadequate class representative. In the alternative, Defendants request that the court certify its Order granting class certification for interlocutory appeal pursuant to 28 U.S.C. 1292(b). Plaintiff requests sanctions, alleging that Defendants' motion for reconsideration is frivolous.

## II. Discussion

### A. Motion for Reconsideration

Defendants contend that, from the beginning, this case has been controlled by Plaintiff's attorney, rather than by Plaintiff. Plaintiff's lack of involvement, they contend, makes Plaintiff an inadequate class representative. As proof of Plaintiff's lack of involvement, Defendants allege that Plaintiff's President, Mr. Freeman Williams, did not read the complaint carefully enough to notice or correct inaccuracies in Plaintiff's name in the case caption and inaccuracies in the class definition.[1]

■ The requirement of adequacy of representation has two components. The named plaintiff must appear to be able to prosecute the action vigorously through qualified counsel, and the representative's interests must not conflict with those of the remaining class members. *Roberts v. Heim*, 670 F.Supp. 1466, 1491 (N.D.Cal. 1987); *United Nat'l Records, Inc. v. MCA, Inc.*, 101 F.R.D. 323, 327 (N.D.Ill.1984) (citing *Sosna v. Iowa*, 419 U.S. 393, 404, 95 S.Ct. 553, 560, 42 L.Ed.2d 532 (1974).

Class certification is properly denied for inadequacy of representation when "the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." *Kirkpatrick v. J.C. Bradford and Co.*, 827 F.2d 718, 727 (11th Cir.1987) *reh'g denied*, 832 F.2d 1267 (11th Cir.1987) *cert. denied*, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988). The court may inquire into the knowledge of the class representative "to ensure that a party is not simply lending his name to a suit controlled entirely by the class attorney...." 7A C. Wright, A. Miller & M.K. Kane, *Federal Practice and Procedure*, § 1766 (2d ed. 1986).

■ Notwithstanding Plaintiff's failure to catch or correct inaccuracies in the case caption or class definition, Plaintiff has demonstrated sufficient knowledge of and interest in the case to ensure that Plaintiff will adequately represent the interests of the class. Mr. Williams, has demonstrated his interest in this action by travelling on four occasions from Fresno to San Francisco to participate in his deposition and by producing over 1000 documents for Defendants' inspection. In addition, Mr.

---

1. Defendants contend that the inaccuracy in class definition was brought to Plaintiff's counsel's attention during Plaintiff's deposition and was subsequently corrected for purposes of the class certification motion.

Williams understands the nature of the allegations brought against Defendants, and is able to describe the basic elements of price fixing and of bid-rigging. He further understands who are the members of the class he proposes to represent. Thus, while Mr. Williams may be, as Defendants contend, unfamiliar with some of the details of the case, and while he may not have proofread carefully some of the documents filed, he has not demonstrated the total lack of familiarity with the details of the suit which would lead the court to conclude that Plaintiff's attorney is the *de facto* Plaintiff. Decertification is not required. *Accord, In re MDC Holdings Securities Litigation,* 754 F.Supp. 785, 803 (S.D.Cal. 1990).

■■■ Defendants further contend that Plaintiff is an inadequate representative because Plaintiff made only one purchase in the relevant market during the class period and has limited knowledge of the Sonoma County asphaltic concrete and aggregate marketplace. The court has considered and rejected the argument that the small size of Plaintiff's purchase renders Plaintiff an inadequate representative. It will not revisit that determination here. Moreover, Defendants have pointed to no evidence which indicates that Plaintiff's lack of familiarity with the Sonoma County market will cause Plaintiff to take positions that are antagonistic to other class members or will inhibit adequate representation. In complex litigation, a class representative need not have first hand knowledge of all of the details of his or her suit. *See e.g., Weinberger v. Jackson,* 102 F.R.D. 839, 845 (N.D.Cal.1984). If, at a later date, Defendants' allegations that Plaintiff will inadequately protect the class interests prove true, the class can be decertified or a new representative chosen at that time. *Accord, Mularkey v. Holsum Bakery, Inc.,* 120 F.R.D. 118, 122 (D.Ariz.1988).

### B. Motion for Certification for Interlocutory Appeal

■■■ Defendants request that the court certify the October 8, 1992 Order granting class certification for interlocutory appeal

under 28 U.S.C. § 1292(b). Under 28 U.S.C. § 1292(b) the district court may certify an order for interlocutory appeal if it (1) "involve[s] controlling questions of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the Order may materially advance the ultimate termination of the litigation." The party requesting certification has the burden of showing that "exceptional circumstances" justify "a departure from the basic policy of postponing appellate review until after the entry of the final judgment." *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir.1982), *aff'd,* 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983).

Putting aside the questions of whether the court's Order involves controlling questions of law or whether an immediate appeal will materially advance the ultimate termination of the litigation, Defendants have pointed to no exceptional circumstances which justify departure from established practice. Thus, Defendants have not met their burden.

### C. Plaintiff's Request for Sanctions

■■■ Rule 11 requires a court to impose sanctions when "a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v. Borjorquez,* 967 F.2d 1418 (9th Cir.1992) (citing *Operating Engineers Pension Trust v. A–C Company,* 859 F.2d 1336, 1344 (9th Cir.1988). A motion to reconsider is frivolous if it "contains no new evidence or [legal] arguments ... that explain why the [court] should change an original order that was proper when made...." *Magnus Electronics v. Masco Corp.,* 871 F.2d 626, 630 (7th Cir.) *cert. denied,* 493 U.S. 891, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989).

Plaintiff contends that Defendants' Motion for Reconsideration of the October 8, 1992 Order is frivolous, and, thus, sanctionable, because all of the evidence and legal arguments presented have been previously considered and rejected by the court. While Defendants' Motion for Reconsideration has not persuaded the court to reverse its earlier decision, some of the evidence

that Defendants offer as proof of Plaintiff's inadequacy is relevant and has not been presented to this court previously. Thus, although ultimately unsuccessful, Defendant's Motion for Reconsideration is not frivolous and, hence, not sanctionable.

Accordingly,

IT IS HEREBY ORDERED that

1. Defendants' Motion for Reconsideration is DENIED.

2. Defendants' Alternative Motion for Certification for Interlocutory Appeal is DENIED.

3. Plaintiff's Request for Sanctions is DENIED.