Jerry YOUNG, Plaintiff,

v.

J. CORBIN, Defendant.

No. 87–CV–433.

United States District Court,
N.D. New York.

June 23, 1995.

Jerry Young, pro se.

Dennis Vacco, Atty. Gen., C. Michael Reger, Asst. Atty. Gen., State of NY, Albany, NY, for defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff Jerry Young brought this suit against the above captioned defendant under title 42 U.S.C. section 1983, alleging that on September 9, 1986, defendant entered plaintiff's cell in order to conduct a search. Plaintiff further alleges that during the course of this search, the defendant assaulted him and destroyed plaintiff's legal papers, books, religious books, and other personal property. Plaintiff Young also claims that he was denied medical treatment.

This matter was referred to Magistrate–Judge Gustave Di Bianco pursuant to a Standing Order dated August 2, 1985. Plaintiff seeks declaratory relief and substantial compensatory and punitive damages. Defen-

dant filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.

After considering the motions, the magistrate issued a Report-Recommendation, dated July 20, 1994, in which he recommended 1) that defendant's motion for summary judgment be granted, 2) that the plaintiff be fined $25.00 for violating Rule 11 of the Federal Rules of Civil Procedure, and 3) that plaintiff be barred from commencing any further action in this district until such time as his fine is paid. Plaintiff subsequently filed his objections to the magistrate's Report-Recommendation on August 8, 1994. This matter was referred to the United States District Court for the Northern District of New York on August 15, 1994. The court herein addresses the objections raised by the plaintiff to the magistrate judge's Report–Recommendation.

## I. Discussion

### A. Summary Judgment

■ Under Fed.R. of Civ.P. 56(e), Summary Judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Under Rule 56, summary judgment provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried. 10 Wright, Miller, & Mary Kay Kane, *Federal Practice and Procedure,* Civil 2d section 2712, p. 569. Thus, the rule may be utilized to separate formal from substantial issues, eliminate improper assertions, determine what, if any, issues of fact are present for the jury to determine, and make it possible for the court to render a judgment on the law when *no disputed facts are found to exist. Id.*

■ A motion for summary judgment motion may be granted when the moving party carries its burden of showing that no triable issues of fact exist. *Thompson v.*

*Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). In light of this burden, any inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Id; see also, United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Once the moving party has met its burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). A dispute regarding a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the non-moving party" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When reasonable minds could not differ as to the import of the evidence, then summary judgment is proper. *See, Id.* at 250–251, 106 S.Ct. at 2510. Once the movant for summary judgment has established a prima facie case demonstrating the absence of a genuine issue of material fact, the non-moving party must come forward with enough evidence to lead a rational trier of fact to find for the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The motion will not be defeated by a non-movant who raises merely a "metaphysical doubt" concerning the facts or who offers only conjecture or surmise. *Id.*

■ Furthermore, the non-moving party who seeks additional time for discovery in aid of his opposition to the motion for summary judgment must file an affidavit detailing such a request. *Hudson River Sloop Clearwater, Inc. v. Department of the Navy,* 891 F.2d 414 (2d Cir.1989). In order for this affidavit for more discovery time to be sufficient, it: 1) must include the nature of the uncompleted discovery, 2) show how the facts sought are reasonably expected to create genuine issues of material fact, 3) detail what efforts the affiant has made to obtain those facts, and 4) explain why those efforts were unsuccessful. Fed.R.Civ.Proc. 56(f), 28 U.S.C.; *Paddington Partners v. Bouchard,* 34 F.3d 1132 (2d Cir. 1994); *and Burlington Coat Factory Ware-*

*house Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir.1985). Not only has plaintiff failed to submit an affidavit detailing the basis upon which additional discovery is requested; plaintiff has not offered sufficient reasons for extended discovery in any other form and in fact, has had eight years within which to conduct discovery; petitioner's conclusory objection in this regard will not serve to defeat summary judgment.

## B. The Civil Rights Claim under section 1983

### 1. The Instant Claim

█ To state a claim under Title 42, section 1983, plaintiff must show that officials were 1) acting under color of state law, 2) that their actions deprived plaintiff of a right guaranteed by the constitution or the laws of the United States (*see, Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1980), and 3) that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Thus, an allegation of a wrong which might prove sufficient to state a cause of action under state law does not automatically rise to the level of a constitutional deprivation simply because a defendant is the state or an agent of the state. *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986) (due process protections are not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347–348, 106 S.Ct. 668, 670–671, 88 L.Ed.2d 677 (1986) (although negligence of a prison official led to prisoner's injury, constitution requires no procedure to compensate injury arising from negligence); *Estelle v. Gamble*, 429 U.S. 97, 105–106, 97 S.Ct. 285, 291–292, 50 L.Ed.2d 251 (1976) (medical malpractice does not become a constitutional violation merely because the victim is a prisoner).

█ In the instant case, the Court need not address the standard for determining if there has been a constitutional deprivation of rights under section 1983. Although plaintiff alleged that defendant Corbin committed constitutional violations under section 1983, defendant Corbin submitted to the court two exhibits which indicted that Corbin was not at the Great Meadow Correctional Facility on September 9, 1986. Defendant Corbin's exhibits were certified and authenticated before the court (See *exhibits A & B* ). Defendant's *Exhibit A*, dated August 10; 1986, is a "Request to be Absent" on September 9, 1986. Defendant's *Exhibit B* is a copy of the "Officers Roll Call" for September 9, 1986 which indicates that J. Corbin, assigned to SHU, Overflow, at Great Meadow was on personal business and absent from work on the day plaintiff alleges his injury.

On December 17, 1993, the plaintiff was served with Defendant's motion for summary judgment. Since that time, Plaintiff has not contested these facts in any way, nor has the plaintiff made any attempt at further discovery or modification of his pleadings. It follows then, that if defendant Corbin was not in the facility on the date which Plaintiff alleges Corbin committed these constitutional violations, then plaintiff cannot maintain this action as alleged and summary judgment is proper. Defendant Corbin has shown that there is no material issue of fact in dispute since he was not at work on the day in question and is therefore entitled to summary judgment.

### 2. Sanctions

█ The focus of Fed.R.Civ.P. 11 is to emphasize the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention. Wright & Miller, *Federal Practice and Procedure:* Civil 2d Section 1331. This rule applies only to assertions contained in the papers filed with or submitted to the court. However, a litigant's obligations include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have merit. *Id.* In other words, Rule 11 provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th

Cir.1992). Rule 11 applies to pro se plaintiffs, but of course the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable. *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir.1990); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987) ("We recognize that pro se complaints must be read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the exact same legal theories."). *See also, United States v. Caterino*, 29 F.3d 1390 (9th Cir. 1994).

■■■ In the instant case, Plaintiff Young defaulted on his obligation under Rule 11 by submitting to the court a frivolous lawsuit. Rule 11(b)(3) and (4) provide in pertinent part:

> (b) Representations to the court.
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery
>
> (4) the denial of factual contentions are warranted on the evidence or, specifically so identified, are reasonably based on a lack of information or belief.

The plaintiff's allegations contain absolutely no evidentiary support in light of the fact that Defendant Corbin was absent from work the day Plaintiff claims he was assaulted by defendant. Further, it appears from the record that plaintiff made no effort by way of further investigation or discovery to ascertain an evidentiary basis, if any, for his allegations. This lack of support would have been confirmed upon a reasonable inquiry, *see, Wigton v. Rosenthall*, 137 F.R.D. 4 (S.D.N.Y.1991): such an inquiry was apparently not undertaken.

In spite of over seven years in which to undertake discovery, and given full opportunity to modify his claims, plaintiff has failed to modify or withdraw his complaint. Plaintiff is an avid litigant but it has become increasingly clear to the Court that his rights would be better protected were he to focus far more on the quality of his claims and less on filing the quantity of civil rights law suits he has undertaken. Eleven of the twelve

actions filed by defendant that are no longer pending have been dismissed by the court before trial. Many of these claims have failed to comply with Rule 11 and have been determined by the Magistrate Judge to be frivolous. Since this instant action once again fails to comply with the mandates of Federal Rule of Civil Procedure 11, this court agrees with Magistrate Judge Di Bianco that Mr. Young should be sanctioned. (*See, Holloway v. Hornsby*, 23 F.3d 944 (5th Cir.1994) (Court may properly sanction a party who continues to file frivolous actions, even if such party is incarcerated); *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir.1990) (upholding $10,000 fine imposed on inmate for filing frivolous lawsuits); *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), (the court imposed a small monetary sanction on a poor litigant when he had brought seven prior cases that had been dismissed as frivolous).

The court therefore will impose a nominal sanction of $25.00 for plaintiff's Rule 11 violation and directs this fine to be paid to the Great Meadow Correctional Administration for the Law Library or said fund specifically designated for the law library for use by inmates, officers and staff of Great Meadow Correctional Facility.

## II. Conclusion

Upon full consideration of Magistrate Judge Di Bianco's Report–Recommendation and plaintiff's objections thereto, the court finds that the Magistrate Judge properly recommended summary judgment dismissing plaintiff's cause of action. The court adopts the Magistrate Judge's Report–Recommendation dated July 20, 1994, for the reasons stated therein. Plaintiff's objections are hereby DENIED; plaintiff is hereby fined $25.00 for violating Rule 11 of the Federal Rules of Civil Procedure, and plaintiff is hereby barred from commencing any further actions in this district until such fine is completely paid. This cause of action is DISMISSED.

**IT IS SO ORDERED.**