Michael D. CLARK, Plaintiff–
Appellant,

v.

L. WARREN; et al., Defendants–
Appellees.

No. 06–17051.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael D. Clark, Carson City, NV, pro se.

Catherine Fancher Campbell, Esq., Fresno, CA, for Plaintiff–Appellant.

David A. Carrasco, Constance L. Picciano, Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Michael D. Clark, a state prisoner, appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging retaliation under the First Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Bruce v. Ylst,* 351 F.3d 1283, 1287 (9th Cir.2003), and a dismissal for failure to state a claim, *Douglas v. Noelle,* 567 F.3d 1103, 1106 (9th Cir.2009). We review for an abuse of discretion the district court's discovery rulings, *Childress v. Darby Lumber, Inc.,* 357 F.3d 1000, 1009 (9th Cir.2004), denial of sanctions, *Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815, 819 (9th Cir.2009), and refusal to appoint counsel, *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

We affirm the challenged rulings for the reasons stated by the district court. We affirm the denial of Rule 11 sanctions on other grounds. *See Corales v. Bennett,* 567 F.3d 554, 562 (9th Cir.2009) ("We may affirm on any grounds supported by the record.") (citation and internal quotation marks omitted). The record reflects that Clark served the motion for sanctions on defendants at least twenty-one days before filing the motion with the court, and thus, the district court improperly denied the motion based on Clark's failure to show compliance with the safe harbor provision of Rule 11. *See* Fed.R.Civ.P. 11(c)(2). Nevertheless, because the record shows that Clark was not entitled to sanctions, the denial of sanctions was proper. *See Conn v. Borjorquez,* 967 F.2d 1418, 1421 (9th Cir.1992) (explaining that the "standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose").

Clark's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.