REINHARDT, J.,
concurring in part and dissenting in part:
I join in the disposition except with respect to the sanctions. Having reviewed the record, I conclude that the Trustee’s counsel firmly believed that his legal position was correct and filed the motion in limine to serve the interests of his client and obviate the need for an extensive trial. He did not do so to harass or injure the Defendants. There was no improper purpose.
As to frivolousness, the bankruptcy judge stated that the Trustee would have to overcome a presumption in favor of the initial rulings, but he hardly made it clear that he would view a motion giving additional reasons for reconsideration to be sanctionable: “The Court will follow Judge Ryan’s rulings on those claims unless the Plaintiff has shown that there’s reason that the Court should reconsider Judge Ryan’s rulings ... So the ball will be in the Plaintiffs court on that.” Indeed, the fact that Defendants spent $35,000 responding to the motion in limine suggests that they felt there were new arguments in that motion that had not been- addressed in their previous briefing.
Sanctions are “an extraordinary remedy, one to be exercised with extreme caution.” Operating Eng’rs Pension Trust v. A-C Company, 859 F.2d 1336, 1345 (9th Cir.1988). “Such sanctions can have an unintended detrimental impact on an attorney’s career and personal well-being.” Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th Cir.1992). Because I do not believe that the bankruptcy court here exercised that extreme caution, I respectfully dissent as to sanctions.