**OPERATING ENGINEERS PENSION TRUST, et al., Plaintiffs,**

v.

**G.C. WALLACE, INC., a Nevada corporation; Surveyors, Inc., a Nevada corporation; and Does I through X, Defendants.**

**No. CV–S–91–026–PMP (RLH).**

United States District Court, D. Nevada.

Dec. 23, 1994.

---

See also 37 F.3d 1506.

**538**

Michael A. Urban, Jett & Laquer, Pasadena, CA, Kevin B. Christensen, Las Vegas, NV, for plaintiffs.

Kevin C. Efroymson, Las Vegas, NV, for G.C. Wallace.

Richard A. Avila, Las Vegas, NV, for Surveyors, Inc.

Evan J. Wallach, Paul Hejmanowski, Las Vegas, NV, co-counsel for G.C. Wallace.

*ORDER*

PRO, District Judge.

Before the Court is a Request for Resubmission of Motion for Attorneys' Fees and Costs or for Oral Argument (# 96), filed by Defendant G.C. Wallace Inc., ("GCWI") on October 7, 1994. Defendant Surveyors, Inc. ("Surveyors") filed its Joinder in GCWI's Motion for Resubmission (# 97) on October 11, 1994. Plaintiffs filed their Opposition (# 98) on October 17, 1994.

GCWI filed its initial Motion for Attorneys' Fees and Costs (# 74) on February 19, 1993. Defendant Surveyors filed a Joinder in GCWI's Motion (# 75) on February 24, 1993. Plaintiffs filed their Opposition (# 81) on March 10, 1993, and Defendant GCWI filed a Reply (# 83) on March 22, 1993. Defendant Surveyors filed its Joinder in GCWI's Reply (# 84) on March 24, 1993. On September 8, 1994, this Court by Order (# 95) withdrew its prior Order (# 91) denying the Motion because the case was pending before the Ninth Circuit. The Motion is now ripe for consideration before this Court.

This Court held a hearing on GCWI's Motion on December 12, 1994.

## I. Factual and Procedural Background

Plaintiffs in this case are the Trustees of various federally regulated trust funds which benefit covered employees of companies bound to labor agreements with the International Union of Operating Engineers, Local 12 ("Union"). In 1983, GCWI signed a Labor Agreement effective August 1, 1983 through July 31, 1986 ("1983 Agreement"). This Agreement required GCWI to contribute to various Operating Engineers Trust Funds ("Trusts") on behalf of work performed by covered employees.

In 1985, George Wallace, the founder of GCWI, founded Surveyors, Inc., as a non-union surveying company. Neither GCWI nor Surveyors paid contributions to the Trusts for the surveying work performed by Surveyors. In 1986, the Trustees brought suit seeking these unpaid contributions, arguing that GCWI must pay contributions for

work performed by its alter ego, Surveyors. In June 1987, the Honorable Howard McKibben, United States District Judge, issued his findings of fact and conclusions of law in Case No. CV–S–86–092–HDM, finding GCWI and Surveyors to be alter egos bound to the 1983 Agreement. The Court awarded damages in favor of the Trusts for unpaid contributions during the time period of the 1983 Agreement. In response to the formation of Surveyors, the Union filed an unfair labor practice charge with the National Labor Relations Board in April 1986. Negotiations began after the 1983 Agreement expired and resulted in the 1986 Agreement, which, by its terms, applied solely to land surveying work performed by GCWI and expressly excluded land surveying work performed by Surveyors. *See* Order (# 68). The Agreement further provided that GCWI had no obligation to make contributions for hours worked by employees of Surveyors, unless GCWI subcontracted with Surveyors for surveying work. *See id.*

Plaintiffs requested in writing that GCWI produce all of its payroll and related records pursuant to a contractually authorized audit for the period of August 1, 1986 to August 1, 1989. The audit sought to verify compliance with the terms of the 1986 Agreement and to verify the accuracy of GCWI's reporting. GCWI did not comply with the initial request. However, after completion of the audit, the auditor found that the Operating Engineer employees directly employed by GCWI were reported correctly to the trust funds. *See* Deposition of Donald Robert Allen, attached as an exhibit to Defendant's Motion for Summary Judgment (# 46). The auditor further found that GCWI had neither subcontracted nor transferred any work to Surveyors. *See id.* Nonetheless, the Trustee's counsel directed the auditor to list all hours worked by survey employees at Surveyors as unpaid contributions. *See id.* This Court entered Summary Judgment in

favor of all defendants on January 28, 1993 (# 68).

Plaintiffs appealed the entry of Summary Judgment to the Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed this Court's Order of summary judgment (# 100), and GCWI now seeks to recover attorneys' fees against Plaintiffs or their counsel on several grounds.

## II. Misconduct of counsel

GCWI argues that the information provided Plaintiffs by its auditor indicating that there had been no transfer or subcontracting of work establishes that the action was baseless. Accordingly, GCWI asserts that any subsequent action by Plaintiffs' counsel regarding the prosecution of this action amounts to misconduct. GCWI and Surveyors seek to recover their attorneys' fees expended in defense of what they term a baseless action. *See* Defendant's Motion for Attorneys' Fees (# 74).

The Court may impose sanctions[1] for the conduct described in Fed.R.Civ.P. 11(b). Fed.R.Civ.P. 11(c); *see also* Local Rule 100–3. Rule 11 states in part:

> By presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. ...

Fed.R.Civ.P. 11(b). In determining whether a violation of Rule 11 has occurred, the test is one of objective reasonableness. *Zaldivar*

---

1. Amended Rule 11 took effect on December 1, 1993. See Fed.R.Civ.P. 11. Under the amended rule, "the court *may* impose sanctions" (emphasis added) while the old Rule 11 made sanctions mandatory. *See* Fed.R.Civ.P. 11; *see also* Conn v. Borjorquez, 967 F.2d 1418, 1420 (9th Cir.1992) (old rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, without factual foundation or is brought for an improper purpose). The conduct in question occurred prior to December 1, 1993, and GCWI's Motion (# 74) was filed on February 19, 1993.

*v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir.1986); *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir.1986), *reh'g denied, en banc,* 809 F.2d 584 (9th Cir.1987). Sanctions are imposed when "a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v. Borjorquez,* 967 F.2d 1418, 1420 (9th Cir.1992), citing *Operating Engineers Pension Trust v. A–C Company,* 859 F.2d 1336, 1344 (9th Cir. 1988).

██ This Court also has the authority under 28 U.S.C. § 1927 to award sanctions. If an attorney's conduct "so multiplies the proceedings in any case unreasonably and vexatiously [the attorney] may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (1994). Sanctions under this section are limited to cases where the attorney acted recklessly or in bad faith. *See Harris v. Polskie Linie Lotnicze,* 820 F.2d 1000, 1005 (9th Cir.1987); *Estate of Blas through Chargualaf v. Winkler,* 792 F.2d 858, 860 (9th Cir.1986). Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument. *Estate of Blas,* 792 F.2d 858, 860; *see Harris,* 820 F.2d 1000, 1005.

██ GCWI asserts that sanctions are warranted for three reasons: (1) Plaintiffs pursued a lawsuit beyond the point where they knew no contributions were owed the trusts; (2) Plaintiffs instructed the auditor to include claims for unpaid contributions when the auditor had determined that no transfer of work or subcontracting occurred; and (3) Plaintiffs' counsel and their clients made intentional misrepresentations to this Court. *See* Motion for Attorneys' Fees.

Plaintiffs respond that the complaint and the opposition to the motion for summary judgment were not frivolous and were supported by material facts and law. With regard to the complaint, Plaintiff asserts that Donald Allen could not complete the initial audit because GCWI failed to provide key documents. The Trusts then filed the action to obtain access to those documents. Up to this point, the Court agrees the actions of Plaintiffs were not frivolous.

However, the auditor did eventually complete his audit. The auditor came to several conclusions: (1) GCWI employees were reported correctly to the Trusts; (2) there was no evidence of transfer survey work to Surveyors; and (3) there was no evidence of any subcontracting between GCWI and Surveyors. *See* Deposition of Donald Robert Allen, attached as an Exhibit to Defendants' Motion for Summary Judgment (# 46). At this point, there was no evidence of GCWI's breaching the collective bargaining agreement.[2]

Plaintiffs, apparently undaunted, continued to recklessly pursue this action and filed papers opposing GCWI's Motion for Summary Judgment.[3] Plaintiffs conceded in its Motion that Surveyors was specifically excluded from coverage in the 1986 Agreement. However, Plaintiffs argued that the exclusion was not effective because GCWI breached the representations made by it in the Supplemental Letter. This Court rejected this argument because (1) evidence of oral modifications to the collective bargaining agreement were excluded by the parol evidence rule; (2) Plaintiff offered no evidence that GCWI breached paragraph 5.A of the collective bar-

---

2. Testimony by Donald Allen at his deposition also indicates that Plaintiffs' continued pursuit of this action was in bad faith. Allen stated that he was instructed by legal counsel to make a claim for all hours worked by any survey employees at Surveyors. Allen testified that he made no determination that the two entities were related. *See* Deposition of Donald Robert Allen, attached as an Exhibit to Defendant's Motion for Summary Judgment (# 46).

3. Defendant asserts that several statements made in the affidavit of Plaintiffs' counsel, Kevin Christensen, were materially untrue. These statements were not supported by the authority cited in the affidavit. *See* Defendant's Motion for Attorneys' Fees; *see also* Exhibit B to Defendant's Motion for Attorneys' Fees. Moreover, because Plaintiff offered little or no evidence to support their claim that GCWI officers controlled the labor relations of Surveyors, these statements, ostensibly tending to show that officers did in fact control the labor relations of Surveyors, assume great importance in Plaintiffs' posture in opposing the motion for summary judgment.

gaining agreement since it did not transfer any work to Surveyors; (3) GCWI agreed to allege that it did not exercise control over the labor relations of Surveyors, and GCWI alleged this by signing the 1986 Agreement; (4) Plaintiffs' argument that the Supplemental Letter was conditioned upon GCWI's success in the action regarding the 1983 Agreement was not supported by the terms of the 1986 Agreement; and, (5) Plaintiff offered no evidence that GWCI had common control over the day-to-day operations of Surveyors after it signed the Supplemental Letter. *See* Order (# 68).

This Court concluded, as did the Ninth Circuit, that there was no evidence that GCWI breached the 1986 Agreement. Plaintiffs should have known, before they filed their Opposition to the Motion for Summary Judgment, that they had no cause to seek further prosecution of this action. The Court finds that Plaintiffs' actions were reckless and in bad faith. 28 U.S.C. § 1927 (1994).

Plaintiffs argue that the decision in *Operating Engineers Pension Trust v. A–C Company* controls the outcome of this Motion. *See Operating Engineers Pension Trust v. A–C Company*, 859 F.2d 1336 (9th Cir.1988), *modified, reh'g denied en banc,* 1988 U.S.App. LEXIS 15919 (9th Cir.1988) ("*A–C Company* "). The Trusts in *A–C Company* sought to litigate language in a labor agreement. *A–C Company,* 859 F.2d 1336, 1337. An adverse Ninth Circuit decision had already interpreted similar language in a different labor resolution. *Id.,* at 1339. The district court held that the plaintiff Trusts were collaterally estopped from litigating the language in the agreement and imposed sanctions on the Trusts. *Id.* The Ninth Circuit reversed, holding that issue preclusion was not at issue, and reasoning that different labor agreements with similar language must be interpreted on a case-by-case basis. The Ninth Circuit therefore found in favor of the Trusts, and reversed the order imposing sanctions. *Id.,* at 1345.

The decision in *A–C Company* is inapposite to the instant case. At issue in this case at summary judgment was not simply the interpretation of the collective bargaining agreement, but it was also the lack of evidence Plaintiffs propounded in support of its theory that GCWI owed contributions on behalf of Surveyors' employees. Plaintiffs offered no evidence in support of its claims, and was not the prevailing party in this matter.

Plaintiffs also assert that the decision in *Stitt v. Williams* precludes an award of sanctions in this case. *See Stitt v. Williams,* 919 F.2d 516 (9th Cir.1990). In *Stitt,* the 9th Circuit held that the standards applying to Rule 11 differ when applied to filing oppositions to motions for summary judgment.

> We conclude that when a lawyer is justified in filing an opposition to a summary judgment motion, his contemporaneous failure to drop a portion of his claim does not warrant the imposition of Rule 11 sanctions. We hold that, in evaluating the opposition to a motion for summary judgment for purposes of Rule 11, the district court must consider the filing as a whole. Sanctions are not appropriate where, as here, counsel opposes a summary judgment motion and: (1) there is a non-frivolous basis for opposing the motion, and (2) the non-frivolous basis constitutes more than an incidental part of the opposition.

*Stitt,* 919 F.2d 516, 529. However, as this Court noted above, Plaintiff did not offer any evidence in its opposition to the motion for summary judgment. The only argument propounded by Plaintiffs which was arguably non-frivolous was the question of interpretation of the collective bargaining agreement. This argument did not constitute more than an incidental part of the opposition. *Cf., Stitt,* 919 F.2d 516, 519 (appellants' introduction of testimony of three certified public accountants supporting their allegations of fraud, while not sufficient to defeat summary judgment, was non-frivolous).

Plaintiffs emphasize throughout their Opposition that the statutory and fiduciary duties of the Trustees to act in the best interests of the beneficiaries and to collect unpaid contributions as vigorously as possible warrant denial of attorneys' fees. *A–C Company,* 859 F.2d 1336, 1343–44. Pursuit of the contributions, Plaintiffs argue, was therefore necessary to the duties of the fiduciary. However, it is not necessary to pur-

sue in bad faith meritless and frivolous claims for contributions. The Court finds that attorneys' fees are warranted in this case, pursuant to 28 U.S.C. § 1927 and Rule 11.

### III. ERISA

■ Even were this Court not to award attorneys' fees under Rule 11 or 28 U.S.C. § 1927, this Court may award attorneys' fees under ERISA. Under 29 U.S.C. § 1132(g)(1), in any ERISA action (except those relating to judgments in favor of plans in actions brought by fiduciaries), the Court in its discretion may award reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(1) (1994). The Ninth Circuit has identified several factors in considering an award of attorneys' fees in ERISA actions. The Court must consider: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980).

■ None of the factors is dispositive. *Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir.1986). Various combinations can support an award of attorneys' fees. *Id.* Courts, however, must be cautious in awarding fees against ERISA plaintiffs and consider carefully the *Hummell* factors. *Carpenters v. Russell*, 726 F.2d 1410, 1416 (9th Cir.1984).

■ For the reasons noted above, Plaintiffs' actions constituted bad faith. Accordingly, the Court finds that factor one weighs in favor of the Defendants. Further, this Court rejected Plaintiffs' position in its Opposition to Defendants' Motion for Summary Judgment. Plaintiff failed to present key evidence and presented material misstatements to this Court in an effort to defeat the Defendants' Motion for Summary Judgment. The merits of the case favored Defendants. Accordingly, the Court finds that factor five

weighs in favor of the Defendants. Finally, an award of fees to GCWI will deter the pursuit of frivolous lawsuits. Accordingly, the Court finds that factor three weighs in favor of the Defendants.

Defendants assert that factor two weighs in its favor because Plaintiff must have had the assets to pursue this litigation, and assert that the beneficiaries who may be injured by expenditure of Trust funds have recourse against the Trustees. Defendants concede that they do not have knowledge regarding the assets of the Plaintiffs. The Court finds that factor two is inconclusive.

Defendants conceded that this case involved no significant legal issues. Factor four therefore carries no weight in the Court's analysis. *See Paddack*, 783 F.2d 844, 847.

While not all factors weigh in the favor of GCWI, the Court finds that factors one, three, and five support a finding that attorneys' fees are warranted. *See Paddack*, 783 F.2d 844, 846. Accordingly, the Court will grant Defendants' Motion for Attorneys' Fees.

### IV. Amount of Sanctions

■ An award of attorneys' fees must be reasonable. *Matter of Yagman*, 796 F.2d 1165, 1183–85 (9th Cir.1986), *cert. denied*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987). In determining what is reasonable, the Court must consider the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied, Perkins v. Screen Extras Guild, Inc.*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); *see Carpenters*, 726 F.2d 1410, 1415. There is no need to rigidly apply the *Kerr* factors, but the Court must evaluate the fee breakdown by counsel. *Yagman*, 796 F.2d 1165, 1185.

 In evaluating the appropriate fee award, the Court has considered the affidavits submitted by counsel as well as the arguments presented in the papers on file at the hearing conducted December 12, 1994. The Court finds that the law firm of Lionel, Sawyer and Collins, co-counsel for Defendant G.C. Wallace, Inc., is entitled to an award of attorneys' fees in the sum of $47,000.00. The Court further finds that Kevin C. Efroymson, Esq., co-counsel for Defendant G.C. Wallace, Inc., is entitled to an award of attorneys' fees in the sum of $54,000.00. The Court further finds that Richard A. Avila, Esq., counsel for Defendant Surveyors, Inc., is entitled to attorneys' fees in the sum of $10,000.00.

IT IS SO ORDERED.

### V. Costs

GCWI asserts that it is entitled to costs under Rule 68.[4] GCWI served on Plaintiffs an Offer of Judgment for $30,000.00 on November 10, 1992. The Plaintiffs did not accept this Offer. This Court subsequently granted summary judgment in favor of GCWI and the Ninth Circuit affirmed. Accordingly, this Court will award costs incurred after the Offer of Judgment was served in favor of GCWI. Fed.R.Civ.P. 68. *See Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

The amount of costs is disputed by Plaintiffs. Both Defendants submitted a Bill of Costs on February 11, 1993 (# 71 and # 72). Plaintiffs filed their Objections to Defendants' Bills of Costs (# 73) on February 17, 1993. After considering the foregoing, the Court finds that an award of costs from

Plaintiffs to Kevin C. Efroymson, Esq., counsel for Defendant G.C. Wallace, Inc., in the amount of $1,673.15 is appropriate in this case, and a further award of costs from Plaintiffs to Richard A. Avila, Esq., counsel for Defendant Surveyors, Inc., in the amount of $645.26 is appropriate.

IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT Defendant G.C. Wallace, Inc.'s Motion for Resubmission of Attorneys' Fees (# 96) and Defendant Surveyors, Inc.'s Joinder (# 97) are granted;

IT IS FURTHER ORDERED THAT Defendant G.C. Wallace, Inc.'s Motion for Attorneys' Fees (# 74) and Surveyors, Inc.'s Joinder (# 75) are granted.

---

4. Rule 68 states in part:

[A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then ac-

crued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.
Fed.R.Civ.P. 68.