**SMITH & GREEN CORPORATION,**
**Plaintiff,**

v.

**TRUSTEES OF THE CONST. INDUS-**
**TRY & LABORERS HEALTH &**
**WELFARE TRUST, et al., Defen-**
**dants.**

**No. CV–S–02–0912–LRH(PAL).**

United States District Court,
D. Nevada.

Jan. 31, 2003.

Brian J. Pezzillo, Gibbs Giden Locher & Turner, LLP, Las Vegas, NV, for Plaintiff.

Michael V. Infuso, Adam P. Segal, Schreck Brignone, Las Vegas, NV, for Defendants.

### ORDER

LEEN, United States Magistrate Judge.

This matter is before the court on defendants' Motion for Rule 11 Sanctions (# 3) filed September 9, 2002. Plaintiff filed its Opposition to Motion for Rule 11 Sanctions (# 4) September 24, 2002, and defendants filed a Reply in Support of Motion for Rule 11 Sanctions (# 5) October 8, 2002.

Plaintiff filed a Complaint in state court June 28, 2002, alleging claims for intentional interference with contractual rela-

tions, breach of contract, and breach of the covenant of good faith and fair dealing. Defendants removed this case to federal court July 2, 2002, on the grounds the Complaint arises out of ERISA, 29 U.S.C. §§ 1001, *et seq.*, and is therefore subject to removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The Notice of Removal asserts plaintiff's state-law claims are preempted by ERISA.

## BACKGROUND

Defendants ("Joint Trust Funds") seek an order awarding sanctions pursuant to Fed.R.Civ.P. 11 against the plaintiff Smith & Green Corporation ("Smith & Green") and the law firm filing the Complaint. Joint Trust Funds seek an award of attorneys' fees for responding to the Complaint, "and any other sanctions sufficient to deter the repetition of such conduct or comparable conduct by others similarly situated." Joint Trust Funds allege that the current action was filed by Smith & Green in response to Joint Trust Funds two pending federal lawsuits asserting Smith & Green owe the Joint Trust Funds approximately 1.4 million dollars for its failure to report and pay all employee benefit contributions due for hours of covered work performed by its employees. Summary Judgment motions are pending in both cases, CV–S–01–0009–LDG (PAL) and CV–S–00–1052–LDG (LRL).

While these two cases were pending counsel for Smith & Green wrote to counsel for the Joint Trust Funds threatening to bring a state-law action for defamation because of notifications given to general contractors with whom Smith & Green performed work that Smith & Green was not current in its payments of trust fund benefits. (*See*, 5/14/2002 ltr., Ex. 2 to Defendants' motion.) Counsel for Joint Trust Funds responded to the letter the same day outlining their position that the Trust Funds would continue to "notify any and every general contractor for whom Smith

& Green has worked during the period of these delinquencies, as is permitted under Smith & Green's labor agreement, The Trust Agreement, and required pursuant to NRS 608.150." The letter also advised counsel for Smith & Green that a state claim for defamation would be preempted by ERISA, and as such frivolous, and that Rule 11 sanctions would be sought if such an action was brought. (*See*, 5/14/2002 ltr. Ex. 3 to Defendants' motion.)

Counsel for defendants argue that counsel for plaintiff has violated Rule 11 by failing to conduct a reasonable inquiry of the legal and factual basis for the complaint prior to filing, and that sanctions are appropriate to deter plaintiff and plaintiff's counsel from engaging in similar conduct in the future. Defendants argue plaintiff and plaintiff's counsel should be sanctioned for the attorneys' fees and costs incurred in bringing the instant motion and responding to a frivolous, ERISA preempted complaint. Counsel for plaintiff acknowledges that the current complaint originates from the two pending cases referred to by defense counsel, CV–S–01–0009–LDG (PAL) and CV–S–00–1052–LDG (LRL). Smith & Green's counsel also acknowledges that counsel for the Joint Trust Funds sent written notification to parties doing business with Smith & Green claiming Smith & Green was deficient in its contributions to the Trust Funds, based on allegations contained in those two complaints. Counsel for Smith & Green argues that: 1) the defendants' Rule 11 motion is "nothing more than a poorly authored personal attack" on him; 2) he has met the statutory requirements to file a complaint; 3) Rule 11 should not be used to raise issues of legal sufficiency that can more properly be disposed of by motion to dismiss or for summary judgment; and 4) he has met his Rule 11 obligations in bringing the complaint.

In defending the legal sufficiency of the complaint, counsel for plaintiff acknowledges that ERISA has broad preemption restrictions, but argues that federal common law rights applicable to employers have developed under ERISA that are not governed by the same broad preemption restrictions as those that apply to participants and beneficiaries. Smith & Green argues that the letters defendants sent to its general contractors were not sent for a legitimate purpose, but solely for the purpose of intentionally interfering with the business relationships of Smith & Green. Thus, counsel for plaintiff argues that plaintiff has a federal common law right to file the current action "based on the pattern of behavior the defendant trust funds have engaged in that have caused Smith & Green to sustain damages." (Plaintiff's Opposition, p. 4)

## DISCUSSION

### I. *Federal Rule of Civil Procedure 11*

#### A. Magistrate Judge Jurisdiction

Before turning to the merits of the motion, the court must determine whether a magistrate judge has jurisdiction to order Rule 11 sanctions. 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72 authorize a magistrate judge to enter orders in non-dispositive matters. Fed.R.Civ.P. 72(a) defines non-dispositive matters as "not dispositive of a claim or defense of a party." 18 U.S.C. § 636(b)(1)(A) lists motions which may not be determined by a magistrate judge. Any motion not listed generally falls within the non-dispositive group of matters which a magistrate judge may determine. Local Rule IB 1–3 provides: "A magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." Non-dispositive motions are automatically referred to magistrate judges in this district pursuant to LR IB 1–1 and LR IB 1–3.

The Ninth Circuit has held that magistrate judges have jurisdiction to order non-dispositive Rule 11 sanctions. *Maisonville v. F2 America, Inc.* 902 F.2d 746, 748 (9th Cir.1990). A challenge to a magistrate judge's ruling on a motion for non-dispositive Rule 11 sanctions is reviewed by the district judge for clear error. Fed.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A). *Maisonville, id.* at 748. A district court's award of Rule 11 sanctions is reviewed by the Court of Appeals for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990), *Townsend v. Holman,* 929 F.2d 1358, 1365–66 (9th Cir.1990) (en banc).

In the current motion defendants seek an award of attorneys' fees for responding to the complaint "and any other sanctions sufficient to deter the repetition of such conduct or comparable conduct by others similarly situated." Because dispositive sanctions are not sought, this matter is a non-dispositive matter which this court has jurisdiction to decide.

#### B. General Rule 11 Principles

Fed.R.Civ.P. 11 "provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or brought for an improper purpose." *McMahon v. Best,* 2000 WL 1071828, *6 (N.D.Cal.2000), See, Fed.R.Civ.P. 11(b); *Conn v. Borjorquez,* 967 F.2d 1418, 1420 (9th Cir.1992). The rule requires the moving party to serve a copy of the motion requesting sanctions upon the adverse party at least 21 days prior to filing the motion with the court. *Id.,* at *7, See, Fed.R.Civ.P. 11(c)(1)(A). This 21–day time period provides the offending party the opportunity to withdraw or correct the allegedly defective filing. Counsel for defendants complied with this requirement by serving Smith & Green on August 19, 2002, with the Motion for Rule

11 Sanctions, waiting more than 21 days, and then filing its motion with the court. The motion was accompanied by a letter indicating that, pursuant to Fed.R.Civ.P. 11(c)(1)(A) the Trust Funds were requesting that Smith & Green immediately dismiss its Complaint within 21 days. (*See,* Ex. 8 to Defs. Motion.) Defendants assert, and plaintiff does not dispute, that counsel for plaintiff did not respond to the letter or motion prior to the time it was filed.

A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions. *McMahon,* 2000 WL 1071828 at *7, *citing, Warren v. Guelker,* 29 F.3d 1386 at 1389. If the Court determines that Fed.R.Civ.P. 11(b) has been violated, it may impose appropriate sanctions upon the attorneys, law firms, or parties that are responsible for the violation. The main objective of Rule 11 is to deter baseless filings and curb litigation abuses. *Salman v. State of Nevada Comm. On Judicial Discipline,* 104 F.Supp.2d 1262 (D.Nev.2000). Pursuant to Rule 11 sanctions must be imposed upon litigants and counsel who file baseless papers without first conducting a reasonable and competent inquiry. *Schutts v. Bentley Nevada Corp.,* 966 F.Supp. 1549 (D.Nev.1997). The test for determining whether a Rule 11 violation has occurred is one of objective reasonableness. *Operating Engineers Pension Trust v. G.C. Wallace, Inc.,* 159 F.R.D. 536 (D.Nev.1994).

The Ninth Circuit has held an attorney has a duty prior to filing a complaint to conduct a reasonable factual investigation and perform adequate legal research to confirm whether the theoretical underpinnings of the complaint are "warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Chris-*

*tian v. Mattel,* 286 F.3d 1118, 1127 (9th Cir.2002), quoting, *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537 (9th Cir.1986). When a complaint is at issue in a Rule 11 motion "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Id., citing, Buster v. Greisen,* 104 F.3d 1186, 1190 (9th Cir.1997).

The court must therefore examine whether counsel for plaintiff had an adequate legal or factual basis for filing the complaint, and conducted an adequate legal and factual investigation before signing and filing it.

### C. Availability of Rule 11 Remedy.

As an initial matter, the court notes defendants have not moved to dismiss the complaint on ERISA preemption grounds and Smith & Green argues that a Rule 11 motion should not be used to challenge the legal sufficiency of the complaint. Defendants counter that a motion to dismiss is an inadequate remedy. Defendants reason that sanctions should be imposed pursuant to Rule 11 to deter plaintiff and plaintiff's counsel from engaging in impermissible conduct, and to compensate defendants for the costs and attorneys' fees incurred in responding to plaintiff's frivolous complaint. The Ninth Circuit has recognized: "One of the fundamental purposes of Rule 11 is to 'reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers, ... [thereby] avoid[ing] delay and unnecessary expense and litigation.'" *Christian, id.,* quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, at 1536.

There is some support for plaintiff's position that "Rule 11 should not be used to

raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss or a motion for more definite statement or a motion for summary judgment." *See,* 5A Wright & Miller, *Federal Practice & Procedure,* Civ.2d § 1336, at p. 97 (2d ed.1990). However, the court is mindful of the mandate of Rule 1 of the Federal Rules of Civil Procedure that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The court finds that the fundamental purposes of Rule 1, and Rule 11 of the Rules of Federal Procedure will be promoted by a review of the legal sufficiency of plaintiff's complaint in this motion.

### D. Analysis of Legal and Factual Sufficiency.

 Smith & Green filed a complaint in state court that did not allege a federal cause of action on its face. Defendants removed the case to federal court asserting exclusive federal jurisdiction under ERISA despite the absence of any federal cause of action on the face of the complaint. Smith & Green did not contest removal or move to remand. This is significant because under the "well-pleaded" complaint rule a defendant may not remove a case to federal court unless the plaintiff's complaint has a claim arising under federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) Federal preemption is "ordinarily a federal defense to the plaintiff's suit" and "does not authorize removal to federal court." As a general rule where plaintiff has alleged only state causes of action in a state-filed case a defendant must raise federal preemption as a defense in the state cause of action "and seek redress for any erroneous rulings on the preemption issue in the state system first." *Tingey v. Pixley–Richards West, Inc.,* 953 F.2d 1124, 1130 (9th Cir. 1992). However, where Congress has "ex-

pressed a desire to assert authority over an area to such a degree that any claim in that area is deemed federal in character" such claims *must* be removed to federal court *not* remanded to state court. *Id.* citing *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). This is referred to as the complete preemption doctrine. *See, Harris v. Provident Life & Accident Ins. Co.,* 26 F.3d 930, 934 (9th Cir.1994). (On occasion the preemptive force of the statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.) (Internal citations and quotations omitted.)

 ERISA preempts state law causes of action that offer remedies for the violation of rights expressly guaranteed by ERISA and exclusively enforced by ERISA's civil enforcement mechanism, Section 502(a), 29 U.S.C. § 1132(a). *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). An otherwise ERISA-preempted claim may survive if it relies on a theory independent of the benefit plan. *Sorosky v. Burroughs Corp.,* 826 F.2d 794, 800 (9th Cir.1987). However, here it is plain that plaintiff's claims are based on defendants' actions in enforcing their remedies under an ERISA plan. Thus, although plaintiff's state complaint was "well-pleaded" it asserts federal claims disguised as state claims. Counsel for plaintiff acknowledges as much when he argues, in opposition to the instant motion, that federal common law rights applicable to employers "grant Smith & Green the right to file the current action based on the pattern of behavior that Defendant Trust Funds have engaged in that have caused Smith & Green to sustain damages." (*See,* plaintiff's opposition, p. 3, 1. 23 thru p. 4, 1. 2)

In *New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 657, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) the Supreme Court observed "[t]he basic thrust of the pre-emption clause [is] to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." The Ninth Circuit has not arrived upon a single, precise rule that universally determines whether ERISA preempts a state law. However, the Ninth Circuit has often reiterated that ERISA contains one of the broadest pre-emption clauses ever enacted by Congress. *See, e.g. PM Group Life Ins. Co. v. Western Growers Assurance Trust*, 953 F.2d 543, 545 (9th Cir.1992); *Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812, 817 (9th Cir.1992); *Joanou v. Coca–Cola Co.*, 26 F.3d 96, 99 (9th Cir.1994).

Since *Travelers* was decided the Ninth Circuit has formulated several different tests to follow "the statutory mandate of broad preemption without intruding upon state laws beyond the intention of Congress and the objective of ERISA." *Rutledge v. Seyfarth, shaw, Fairweather*, 201 F.3d 1212, 1217 (9th Cir.2000). In *Rutledge* the Ninth Circuit declined to describe the outer bounds of ERISA preemption because the case before it did not require it. However, the court noted that under each of its tests "a core factor leading to the conclusion that a state law claim is preempted is that the claim bears on an ERISA-regulated relationship." *Id.* at 1219.

In *Egelhoff v. Egelhoff*, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001) the United States Supreme Court reiterated that ERISA's preemption section, 29 U.S.C. § 1144(a) is a broadly worded provision that is "clearly expansive." 532 U.S. at 145, 121 S.Ct. 1322. The preemption section, 29 U.S.C. § 1144(a) states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employment benefit plan" covered by ERISA. A state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Id.* at 147, 121 S.Ct. 1322 quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

Plaintiff appears to recognize ERISA's broad preemption provisions and did not contest removal despite a well-plead complaint which alleged only state law claims. Smith & Green also acknowledges that 28 U.S.C. § 1132(e)(1) omits employers from the class of persons authorized to bring a cause of action under ERISA. Acknowledging that ERISA preempts state law, including state common law, and that employers are specifically excluded from the list of those entitled to bring a civil action under ERISA, Smith & Green argues it is authorized to bring a *federal* common law action based on ERISA. Plaintiff's argument that the current lawsuit is a federal common law action based on ERISA is belied by the face of the complaint which fails to mention ERISA, alleges only state law claims, and plaintiff's choice of state, not federal forum. In opposing the motion for Rule 11 sanctions by asserting that the lawsuit seeks a federal common law remedy *based* on ERISA, plaintiff effectively concedes state law claims are preempted by ERISA.

A review of the complaint filed in state court, and advanced as legally sufficient here, compels the conclusion that it is legally and factually baseless from an objective perspective. In the section of the complaint captioned "facts common to all claims for relief" plaintiff alleges that it is and has been a signatory to Labor Agreements with both the Labor International Union of North America and the Cement Masons International Local 797, and that pursuant to these agreements and various

sub-agreements Smith & Green is required to make employee benefit contributions to the defendant Trust Funds. (Complaint, ¶ 5) To be paid Smith & Green must provide general contractors with evidence it is current on its Trust Funds contributions for a given project. *Id.* at ¶ 6. Defendants' counsel sent correspondence to various general contractors informing them that Smith & Green was deficient in Trust Funds benefit contributions, but failed to identify specific projects on which Smith & Green was alleged to be delinquent, despite Smith & Green's demands (*id.* ¶¶ 9, 10).

The first cause of action alleges an interference with contractual relations based on the allegation defendants improperly informed general contractors that Smith & Green was delinquent in its Trust Fund contributions (*Id.* ¶ 12). The second cause of action is directed to defendant Labor Trust Fund only. The complaint alleges that on July 1, 1998, a Labor Agreement was entered into between the Nevada Contractors Association, the Southern Nevada Home Builders Association and Laborers International Union of North America Local Union No. 872 (*Id.,* ¶ 17), and that pursuant to this contract the Joint Trust Funds "have the right to contact general contractors if they reasonably believe that a signatory sub-contractor has failed to remit all required trust fund contributions" (*Id.* at ¶ 18). Plaintiff's breach of contract claim alleges that the Labor Trust Fund did not possess a reasonable belief that Smith & Green had failed to remit required benefits for all general contractors contacted, and violated "the contract" by failing to inform the general contractors of the amount owed and the employees for whom the benefits were unpaid. (*Id.* at ¶¶ 20, 21). The contract referred to, however, is not a contract between Smith & Green and the defendant Trust Fund.

The breach of covenant of good faith and fair dealing claim against all defendants asserts that plaintiff entered into written agreements with the Trust Funds, which govern the rights, obligations and duties of the parties and that the defendants violated the covenant of good faith and fair dealing by failing to provide the general contractors with sufficient information to determine what, if any, delinquencies exist, and by preventing Smith & Green or the general contractors from making payments on the alleged deficiencies. (*Id.* at ¶¶ 24, 28).

Smith & Green does not address, or dispute defendants' argument that there is no contract between Smith & Green and the Joint Trust Funds. Thus, plaintiff does not dispute that there is no factual basis for asserting the breach of contract claim. Smith & Green has also not disputed that it is delinquent to the Joint Trust Funds in certain employee benefit contributions. In fact, in opposing the motions for summary judgment filed in CV–S–00–1052–LDG–LRL and CV–S–01–0009–LDG–PAL Smith & Green acknowledged it owed additional employee benefit contributions, but disputed the amounts claimed due and the methods used to calculate the delinquencies. (*See,* defendants' Motion, Ex. 5 at 19:2–4 and Ex. 6 at 16:20–21)

Also, it seems clear to the court that plaintiff's claims for tortious interference, breach of contract and breach of implied covenant of good faith and fair dealing are preempted by ERISA. The tortious interference claim arises out of the Joint Trust Funds' notification to general contractors that Smith & Green had not met its employer contribution obligations under an ERISA plan. The breach of contract and breach of implied covenant of good faith and fair dealing claims are based on defendants' conduct seeking to enforce the obligations of Smith & Green as a signatory

sub-contractor to make required trust funds contributions to an ERISA plan. The Ninth Circuit has plainly held that a claim for intentional interference with a contract is preempted by ERISA. *Tingey v. Pixley–Richards Est, Inc.,* 953 F.2d 1124, 1131 (9th Cir.1992). The Ninth Circuit has also held that a cause of action for breach of an implied covenant of good faith and fair dealing is preempted by ERISA. *Parrino v. FHP, Inc.,* 146 F.3d 699, 703–04 (9th Cir.1998).

Plaintiff cites the case of *Award Service, Inc. v. Northern California Retail Clerks Unions and Food Employers Joint Pension Trust Fund,* 763 F.2d 1066 (9th Cir. 1985), *cert denied,* 474 U.S. 1081, 106 S.Ct. 850, 88 L.Ed.2d 890 (1986) for the proposition that the Ninth Circuit has "expressly found that employers may sue under ERISA, where the employer alleges specific and personal injury." (*See,* plaintiff's opposition, p. 5). The holding of *Award Service,* however, is not so broad, and does not support plaintiff's argument that its claims for tortious interference, breach of contract, and breach of an implied covenant of good faith and fair dealing survive ERISA preemption. The Ninth Circuit and the Fifth Circuit have both held that an employer may maintain a private right of action under ERISA for return of contributions mistakenly paid to a pension trust, *Award Service, Inc. v. Northern California Clerks Unions & Food Employers Joint Pension Trust Fund,* 763 F.2d 1066 (9th Cir.1985), *Jamail, Inc. v. Carpenters District Council of Houston Pension & Welfare Trusts,* 954 F.2d 299 (5th Cir.1992). These cases, however, provide no support for plaintiff's claim Smith & Green is entitled to sue the trust funds for tortious interference, breach of contract, or breach of implied covenant of good faith and fair dealing, all of which arise out of defendants' efforts to enforce the obligations of Smith & Green to make re-quired trust fund contributions to an ERISA plan.

ERISA has one of the broadest preemption clauses ever enacted by Congress and it preempts state law claims for both contract and tort. Here, plaintiff filed a complaint in state court alleging strictly state claims and did not contest removal of its state law claims. The actions of defendants which give rise to plaintiff's complaint arise out of defendants' efforts to enforce their employee contribution rights under an ERISA plan, and are clearly preempted.

Finally, with few exceptions not applicable here, an employer does not have standing to sue under ERISA. 29 U.S.C. § 1132(a) defines and limits the extent of federal jurisdiction over ERISA-related questions. Six different types of ERISA civil actions may be brought in federal court. However, no one except plan participants, beneficiaries, fiduciaries, and the Secretary of Labor is expressly authorized by Section 1132(a) to bring claims in federal court. As the United States Supreme Court observed in *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) the complex remedial scheme of ERISA "provide[s] strong evidence that Congress did *not* intend to authorize other remedies." (Emphasis in original.) *See also, Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983) (ERISA "does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action . . . A suit for similar relief by some other party does not 'arise under' " section 1132.)

### CONCLUSION

Plaintiff's state law claims are clearly preempted by ERISA. As counsel for Smith & Green acknowledge, an employer

is no longer one of the enumerated parties Congress authorized to bring claims in federal court. *See, Cripps v. Life Insurance Co. of North America,* 980 F.2d at 1265 "no one except plan participants, beneficiaries, fiduciaries, and the Secretary of Labor is expressly authorized by Section 1132(a) to bring claims in federal court." The United States Supreme Court has repeatedly emphasized that the goal of ERISA is to protect beneficiaries, and that Congress did not give employers a private right of action to sue under ERISA.

Counsel for plaintiff was given the opportunity pursuant to Rule 11(c)(1)(A) to voluntarily dismiss the complaint. The "safe harbor" provision of rule 11(c)(1)(A) would have allowed plaintiff to withdraw the offending pleading and escape sanctions. *See, e.g. Barber v. Miller,* 146 F.3d 707 (9th Cir.1998). Counsel for plaintiff declined to dismiss the complaint and made no effort to correct or amend to assert a federal common law claim after being served with a Rule 11 motion subsequently filed here. After the Rule 11 motion was filed counsel for plaintiff asserted, for the first time, that his state filed complaint, which alleged only state claims, and failed to mention ERISA, was actually a federal common law claim based on ERISA. Counsel for plaintiff has not moved to amend the complaint to allege such an ERISA based claim, or asserted that he is attempting, in good faith, to extend, modify, or reverse existing law. The complaint in this case alleges garden variety state law causes of action clearly preempted by ERISA.

The court finds plaintiff filed the complaint without performing adequate legal research to confirm whether the theoretical underpinnings of the complaint were warranted by existing law or a good faith argument for an extension, modification, or reversal of existing law. A reasonable and competent inquiry would have revealed that plaintiff's state law claims were preempted by ERISA. Plaintiff's failure to withdraw the complaint after being provided with a copy of the Motion for Rule 11 Sanctions warrants the imposition of sanctions. The court finds that awarding counsel for the Joint Trust Funds reasonable and necessary costs and attorneys' fees incurred in responding to the complaint should be awarded.

Accordingly, having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED** defendants' Motion for Rule 11 Sanctions (# 3) is GRANTED. Counsel for defendants shall, **no later than 15 days from entry of this order**, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in responding to the complaint in this matter. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

**IT IS FURTHER ORDERED** counsel for Smith & Green shall have **15 days from service of the memorandum of costs and attorneys' fees** in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded. Counsel for defendants shall have **11 days from**

service of the responsive memorandum in which to file a reply.