NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0490n.06

Case No. 19-1800

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| BRUCE W. JAMES; SUSAN JAMES, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CATERPILLAR, INC., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | **OPINION** |
| | ) | |
| | ) | |

FILED
Aug 20, 2020
DEBORAH S. HUNT, Clerk

BEFORE: NORRIS, NALBANDIAN, and READLER, Circuit Judges.

NALBANDIAN, Circuit Judge. Courts typically reserve the "death penalty" sanction of dismissal with prejudice for the most egregious cases—those that involve, for example, willful misconduct, bad faith, fraud, or contempt. Even more unusual is a court dismissing a complaint as a sanction without a dispositive motion. Although we recognize that such cases exist, we don't believe this is one. That's not to say that Plaintiffs and their attorney are blameless. Their conduct appears calculating and evasive at best, and sanctionable at worst. We leave that to the district court on remand. But at this point, we find that the court's dismissal of Plaintiffs' complaint with prejudice was premature. Thus, we VACATE the trial court's order and remand for further proceedings.

No. 19-1800, *Bruce James, et al v. Caterpillar, Inc.*

I.

In 2014, Bruce James operated a Caterpillar wheel loader at a steel manufacturing mill in Jackson, Michigan. While James was inside the loader, an explosion at the plant broke the loader's windshield and compromised its frame. The explosion also started a fire in the loader's cabin, which caused second and third degree burns to James's body. James and his wife (collectively Plaintiffs) filed several lawsuits seeking compensation for James's injuries.

*Action One.* On January 23, 2015, Plaintiffs filed a complaint in the Circuit Court for Jackson County, Michigan against James's employer, Gerdau Macsteel, Inc., Caterpillar, and several individuals. The complaint alleged one count of negligence against Caterpillar and stated:

> Caterpillar owed Mr. James a duty to use reasonable care to design the Loader so that it would be reasonably safe for its intended uses and for other uses which are foreseeabl[y] probable. . . . Caterpillar breached that duty when it designed and manufactured the Loader without providing adequate support around the frame, window, and glass of the Loader. . . . Caterpillar's breaches of that duty were a proximate cause of the injuries Mr. James sustained as a result of the [e]xplosion. These injuries were foreseeable under Michigan Law.

(R. 14-3, Summons & Compl., Case No. 15-371-NO, at *10.)[1] Discovery revealed that Caterpillar's exclusive Michigan Dealer, Michigan Machinery Company ("MMC"), modified the loader after it left Caterpillar's possession.[2] Based on this information, Plaintiffs apparently agreed to dismiss Caterpillar from the lawsuit if it produced an affidavit stating that it was not involved in the modification of the loader. Caterpillar produced such an affidavit, and Plaintiffs dismissed Caterpillar from the suit without prejudice.

---

[1] The PageID locators for several record documents are illegible. For these documents we cite the page number of the document itself.

[2] MMC hired H&H Welding to perform these modifications.

*Action Two.* On April 11, 2017, Plaintiffs filed a second complaint, this time against Caterpillar and H&H Welding in the Circuit Court for Ingham County, Michigan. Among other things, the complaint again alleged one count of negligence against Caterpillar:

> Caterpillar owed Mr. James a duty to use reasonable care in the design of the Loader so that it would be reasonably safe for its intended uses and for other uses which are foreseeably probable. . . . Caterpillar breached that duty when it designed and manufactured the Loader without providing adequate support around the frame, window, and glass of the Loader. *There was a simple and inexpensive alternative design available to Caterpillar that—had Caterpillar chosen that design that would have provided the proper support as noted above—would have prevented the injuries Mr. James sustained. . . .* Caterpillar's breach of that duty was a proximate cause of the injuries Mr. James sustained as a result of the [e]xplosion. These injuries were foreseeable under Michigan law.

(R. 14-4, Summons and Compl., Case No. 17-287-NI at *7–8 (emphasis added).) The only difference between Plaintiffs' negligence claims in the first and second complaints is the emphasized language. The court dismissed the case for failure to properly serve the defendants.

*Action Three.* On April 10, 2018, Plaintiffs filed a third complaint, again in the Circuit Court of Ingham County, Michigan. For the third time Plaintiffs alleged one count of negligence against Caterpillar, stating verbatim the same allegations that Plaintiffs pled in their second complaint's negligence count. Caterpillar removed the action to the Western District of Michigan. Caterpillar then moved for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, arguing that the allegations in the complaint were false and misleading, and at the same time answered the complaint and moved to transfer the case to the Eastern District of Michigan. The court granted the motion to transfer.

In the Eastern District, Caterpillar refiled its sanctions motion and again filed an answer at the same time. Plaintiffs opposed the motion, arguing their third complaint was not frivolous because:

[U]nder Michigan law the subsequent modifications to the loader only constitute a superseding intervening cause—that would preclude liability against Caterpillar—if they were unforeseeable. [And t]he putative modifications made by Caterpillar's exclusive Michigan dealer were foreseeable.

(R. 20, Resp. to Mot. for Sanctions at PageID # 381–82.) Plaintiffs cited several communications between Gerdau and MMC while Caterpillar still had possession of the loader, purportedly establishing Caterpillar's subjective knowledge of the modifications MMC would make, thus rendering them foreseeable.

While the motion for sanctions was pending, Caterpillar served James with Requests for Admissions. He failed to respond. Ultimately, based in part on the admissions that the court deemed admitted for failure to respond, the district court granted Caterpillar's motion and dismissed Plaintiffs' third complaint with prejudice as the court's chosen sanction. This appeal follows.

## II.

We review a district court's imposition of sanctions for abuse of discretion. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010).

Here, the district court gave three reasons for dismissing Plaintiffs' complaint. First, Plaintiffs had no good-faith basis for bringing their third complaint because the documents cited by Plaintiffs don't prove that Caterpillar had subjective knowledge of the modifications, and the requests for admissions that Plaintiffs did not respond to undermine their claims. Second, Plaintiffs failed to provide adequate notice under Federal Rule of Civil Procedure 8(a)(2) of the theory they raised in their response to Caterpillar's motion for sanctions. And third, Plaintiffs forum shopped,

evidenced by their filing of the second and third complaints in an improper venue. Yet even if the district court's analysis on all three of these is correct, Plaintiffs' conduct was not severe enough to justify the sanction the district court chose—dismissal with prejudice.[3]

By filing a complaint, an attorney certifies: (1) the filing is not "for any improper purpose, such as to harass"; (2) "the claims . . . are warranted by existing law or by a nonfrivolous argument for extending" it; and (3) "the factual contentions have evidentiary support" or will after discovery. Fed. R. Civ. P. 11(b). If a district court determines that an attorney violated this rule, the district court is "given wide discretion" in "deciding the nature and extent of the sanctions to impose." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); *see* Fed. R. Civ. P. 11(c)(1). That said, the chosen sanction, if any, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Dismissal with prejudice is the most severe sanction a court can impose under Rule 11. *See* 5A Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1336.3 (4th ed. 2020) (describing dismissal with prejudice as the "death penalty" sanction); *cf. Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (noting in the Rule 37 context that "[d]ismissal is the sanction of last resort"). The misconduct leading to dismissal must be egregious. And at this point, on this record, Plaintiffs' conduct doesn't reach that level.

In *Tahfs v. Proctor*, we reversed monetary sanctions against a plaintiff who filed a complaint the district court later dismissed under Rule 12(b)(6). 316 F.3d 584, 594 (6th Cir. 2003). A complaint's failure to satisfy Rule 12(b)(6) is not alone enough to impose sanctions. *Neitzke v.*

---

[3] We express no opinion on whether the district court's analysis for these three points was correct.

*Williams*, 490 U.S. 319, 327–28 (1989); *Tahfs*, 316 F.3d at 595. And even though the complaint in *Tahfs* only included "bare, conclusory assertions," the plaintiff "did not fail in this endeavor by a wide margin." 316 F.3d at 594. Thus, the attorney who filed the complaint did not violate Rule 11's command that claims be warranted by existing law, and the district court abused its discretion by imposing sanctions. *Id*. In reaching this conclusion, we noted several points relevant here. First, "[a]s a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when . . . there is nothing before the court, save the bare allegations of the complaint." *Id*. And second, we cautioned against reading "[un]warranted by existing law, as the expression is used in Rule 11(b)(2)[,]" to mean all claims that fail to satisfy Rule 12(b)(6). *Id*. at 595 (internal quotations marks omitted). That's because "Rule 11 'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *Id*. (quoting *McGhee v. Sanilac County*, 934 F.2d 89, 92 (6th Cir. 1991)) (internal quotation marks omitted). As the Advisory Committee Notes explain, parties should not employ a Rule 11 motion "to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11(b), (c) advisory committee's note to the 1993 amendment.

But here, that appears to be what the district court did. Its first rationale for dismissing Plaintiffs' complaint as a Rule 11 sanction was that the facts in Caterpillar's request for admissions—taken as true because Plaintiffs failed to respond—undermine Plaintiffs' claims, and that the evidence Plaintiffs cite doesn't support their claims. In other words, Plaintiffs fail to state a claim upon which the court could grant relief. But that's not enough to sanction Plaintiffs. *See Neitzke*, 490 U.S. at 327–28; *Tahfs*, 316 F.3d at 595. In *Tahfs*, we held that a complaint containing only "bare, conclusory allegations" could not support *monetary* sanctions. 316 F.3d at 594. So such a complaint cannot support the more serious sanction of dismissal with prejudice.

Again, we note that, in general, motions for sanctions should not substitute for motions to dismiss or motions for summary judgment, which test the sufficiency of the complaint's allegations. *See, e.g.*, *Blue v. U.S. Dep't of the Army*, 914 F.2d 525, 535–36 (4th Cir. 1990); *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 412–21 (S.D.N.Y. 2003); Wright & Miller, *supra*, at § 1336.3 ("Dismissals for frivolous actions ordinarily should be made under 12(b)(6), and a Rule 11 sanction could be made in conjunction with a grant of that motion if the litigant's behavior was particularly egregious."). That's not to say that a defendant can never ask for sanctions soon after a complaint is filed. *See Safe-Strap Co.*, 270 F. Supp. 2d at 413 (citing *Lebovitz v. Miller*, 856 F.2d 902, 903–05 (7th Cir. 1988); *Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Tr.*, 244 F. Supp. 2d 1098, 1100–04 (D. Nev. 2003); *Dome Pat. L.P. v. Permeable Tech., Inc.*, 190 F.R.D. 88, 89–90 (W.D.N.Y. 1999)). After all, a litigant must make a Rule 11 motion promptly. *See* Fed. R. Civ. P. 11(b), (c) advisory committee's note to the 1993 amendment ("Ordinarily the motion [for sanctions] should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely."); *Safe-Strap Co.*, 270 F. Supp. 2d at 413 n.3. And defendants spend time and money litigating dispositive motions.[4]

In any event, although we believe that filing a baseless complaint can give rise to a dismissal sanction in some cases, we believe that a court will invariably need to examine evidence outside the four corners of the complaint to justify such a sanction. *Tahfs*, 316 F.3d at 594. For example, a concession by counsel that he only filed the complaint to harass the defendant may qualify. *See* Fed. R. Civ. P. 11(b). But, at this point, the record here lacks sufficient evidence.

---

[4] There may, for example, be a case in which a complaint on its face appears plausible enough to survive dismissal, but the defendant can easily show that it is, in fact, frivolous. In that case, an early Rule 11 dismissal is warranted.

Caterpillar argues that Plaintiffs repeatedly made "claims about the facts supporting their claims and the procedural history of this litigation they knew to be materially false and misleading." (Appellee's Br. at 28.) Yet Caterpillar made this motion for sanctions before the close of discovery. Without more record evidence, assessing the validity of Caterpillar's allegation is extremely difficult. *See Tahfs*, 316 F.3d at 594 ("While a party is bound by Rule 11 to refrain from filing a complaint 'for any improper purpose,' from making claims '[un]warranted by existing law,' or from making 'allegations and other factual contentions [without] evidentiary support,' *see* Fed. R. Civ. P. 11(b)(1)–(3), making those determinations is difficult when there is nothing before the court except the challenged complaint.").

The district court's two other rationales for dismissing Plaintiffs' complaint as a Rule 11 sanction fare no better. We also held in *Tahfs* that a complaint's failure to provide sufficient notice "is not, perforce, '[un]warranted by existing law' or frivolous[,]" so that particular inadequacy was insufficient to support monetary sanctions. 316 F.3d at 595. So if Plaintiffs' complaint failed to provide Caterpillar with adequate notice of its superseding cause theory, that too cannot warrant the sanction of dismissal. Finally, neither the district court nor Caterpillar cites any case when a court has dismissed a case with prejudice because of forum-shopping or improper venue. Nor can we find one. The appropriate sanction in such cases appears to be a monetary one. *See Bender v. Newell Window Furnishings, Inc.*, 560 F. App'x 469, 476 (6th Cir. 2014); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 n.11 (6th Cir. 2002).

It may well be that Plaintiffs' complaint fails to state a claim on which the district court can grant relief. And some of Plaintiffs' conduct may warrant sanctions. Indeed, Plaintiffs and their attorney may end up worse off in the end because the district court's only sanction was dismissal of the complaint with prejudice. The court may ultimately decide to dismiss the

complaint with prejudice on a dispositive motion anyway and impose monetary sanctions. In any event, none of the district court's rationales support dismissing Plaintiffs' complaint with prejudice as a Rule 11 sanction at this point.

III.

For these reasons, we **VACATE** the district court's order dismissing Plaintiffs' complaint as a Rule 11 sanction and **REMAND** for further proceedings.